**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRIAUNNA DANIELS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 4:24-cv-00559-O-BP |
| | § | |
| **TEXAS WORKFORCE** | § | |
| **COMMISSION,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss, Brief in Support, and Appendix filed in Support, that Defendant AmeriCredit Financial Services Inc. dba GM Financial ("GMF") filed on August 23, 2021 (ECF Nos. 17, 18, and 19 respectively); the Motion to Dismiss for Failure to State a Claim, Brief in Support, and Appendix in Support, that Defendant Texas Workforce Commission ("TWC") filed on September 3, 2024 (ECF Nos. 23, 24, and 25 respectively); and Response to TWC's Motion to Dismiss that Plaintiff Briaunna Daniels ("Daniels") filed September 10, 2024 (ECF No. 27). This case was referred to the undersigned automatically pursuant to Special Order 3 on June 17, 2024. ECF No. 4. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motions to Dismiss (ECF Nos. 17, 23), **DISMISS** the claims against GMF **WITH PREJUDICE**, and **DISMISS** the claims against TWC **WITHOUT PREJUDICE**.

## I.    BACKGROUND

Daniels originally brought this case in the 48th Judicial District Court of Tarrant County, Texas, in June 2023. *Id.* at 10. GMF removed the case to this Court on July 6, 2023 in Civil Action

No. 4:23-cv-00691-P. The Court dismissed that case without prejudice on October 13, 2023. ECF No. 9 in No. 4:23-cv-00691-P. Daniels also attempted to appeal her state case by filing a notice of appeal in state court on April 5, 2024. ECF No. 1 at 10. The Court of Appeals for the Second Appellate District of Texas at Fort Worth dismissed the appeal for want of jurisdiction because there was no final judgment or appealable order in the state court case that GMF previously appealed to this Court. *Id.*

Daniels filed the instant case on June 17, 2024, alleging that GMF violated the Family Medical Leave Act of 1993 ("FMLA") and the Families First Coronavirus Response Act ("FFCRA"). ECF No. 1. On July 9, 2024, the Court ordered Daniels to file an amended complaint that set forth a short and plain statement supporting her cause of action under Federal Rules of Civil Procedure 8(a) and 15(a) and Local Civil Rule 7.1. ECF No. 10. Daniels filed the amended complaint on July 19, 2024. ECF No. 11.

Taken together, the complaints state that GMF terminated Daniels' employment on January 7, 2022. ECF Nos. 1, 11. GMF allegedly violated Daniels' FMLA and FFCRA rights because she "was out on a pre-existing and pre-approved FMLA leave dated between December 27, 2021 through January 7, 2022[,]" and GMF "did not offer [her] any sick paid leave nor did [it] offer any emergency family and medical leave act of expansion underneath the FFCRA to care for her mother." ECF Nos. 11 at 1 and 1 at 2. Daniels also alleges that she applied for a managerial position and "was racially discriminated by [GMF] … as she was told by [GMF] to withdraw [] her application due to her race and skin color." ECF No. 1 at 1.

In its Motion, GMF argues that the FMLA's statute of limitations bars Daniels' FMLA claims and that her amended complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* GMF further asserts that the FFCRA was not in effect

at the time of the alleged violation, so Daniels cannot recover under that statute. *Id*. In its Motion, TWC argues that Daniels' amended complaint is time-barred and fails to state a claim upon which relief can be granted, and that the Court lacks subject matter jurisdiction over Daniels' claims. ECF No. 24. TWC also asserts that "[Daniels] makes no specific claims against TWC," and that "there is no mention of TWC's involvement other than in the prayer of relief." ECF No. 23 at 8-9. Daniels filed one response to both motions on September 10, 2024, and states that she timely filed her claims "within the 3-year statute of limitation," and that her claims are "valid." ECF No. 27 at 2, 3.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 547).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by

Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

 "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of

4

theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

The liberal construction of *pro se* pleadings stems from a "well-established policy that [plaintiffs] be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus whenever possible the Fifth Circuit recommends that suits be dismissed without prejudice on Rule 12 motions. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.* However, a complaint may be dismissed with prejudice, thus foreclosing that opportunity, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016).

## III.    ANALYSIS

### A.    Sovereign immunity shields TWC from Daniels' claims.

Under the Eleventh Amendment, plaintiffs may not sue a state in federal court unless the state unequivocally consents to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the state's immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101. The Fifth Circuit has held that "TWC is a state agency entitled to Eleventh Amendment sovereign immunity." *Alvarez v. Tex. Workforce Comm'n*, No. 25-50677, 2024 WL 658951, at *2 (5th Cir. Feb. 16, 2024); *citing Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) ("TWC is an agency of the State of Texas and therefore all claims brought against it are barred by the Eleventh Amendment.").

TWC seeks dismissal under Rule 12(b)(1) because it is an agency of the state of Texas that does not have the power to sue or be sued. TWC asserts that it has not waived immunity to the suit. ECF No. 7 at 3. Daniels has not alleged or otherwise shown that the state of Texas has waived its sovereign immunity as to the claims that she asserted against it. In the absence of such a waiver, the Court lacks subject-matter jurisdiction over Daniels' claims against TWC, and the Court must dismiss the case under Rule 12(b)(1). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, while it is unclear what relief Daniels seeks against TWC, the Court should dismiss without prejudice any claims that she has against TWC. Because the Court lacks subject matter jurisdiction over Daniels' claims against TWC, the undersigned does not address the substantive points of TWC's Motion under Rule 12(b)(6). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

**B.** **Daniels does not state a claim against GMF under the FMLA upon which the Court can grant relief.**

To establish a violation of the FMLA, Daniels must plead facts to show that: "(1) [she] engaged in protected activity; (2) [GMF] took a materially adverse action against [her]; and (3) a causal link exists between [her] protected activity and the adverse action." *Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 882 (5th Cir. 2020) (citing *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016)). While temporal proximity may in some cases be sufficient to establish a *prima facie* case of discrimination under the FMLA, courts "uniformly hold that the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). In establishing this rule, the Supreme Court cited a Tenth Circuit decision which stated, "a one and one-half month period between protected activity and adverse action may, by itself,

establish causation." *Id.* at 274 (citing *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) (citation omitted)); *see also Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (a five-month gap is too long absent other evidence).

Even liberally construed, Daniels' Original and Amended Complaints do not include enough facts to support a cause of action under the FMLA. ECF Nos. 1, 11. The Original Complaint states that while Daniels was out on FMLA leave, GMF "insisted on stating their own facts of why [she] took leave and disregarded [her] facts," and ultimately terminated her on January 7, 2022. ECF No. 1 at 3. However, Daniels offered no factual basis by which the Court could determine whether GMF violated Daniels' rights under the FMLA such that she is entitled to relief. *Id.* Recognizing the Original Complaint's insufficiency and wishing to understand any basis Daniels might have for a claim, the Court ordered her to file an amended complaint, which she did on July 19, 2024. *See* ECF No. 11.

The Amended Complaint reiterates the same conclusory statements that "[GMF] with good faith willfully refused [Daniels'] request of her FMLA time and manipulated [her] time schedule without including the FFCRA." ECF No. 11 at 2. In her only response to the Defendants' Motions, Daniels asserts a new argument, seemingly against GMF, regarding "violations of the PPP loans of Act (Paycheck Protection Plan)." ECF No. 27 at 3. However, she does not address GMF's and TWC's arguments, nor does she further explain her FMLA claims. *Id*. Even the most liberal construction of Daniels' pleadings cannot overcome the fact that they lack the basic elements of the FMLA claim they purport to raise.

Daniels also does not assert any facts to show temporal proximity between her FMLA leave and termination of her employment. While she asserts that she was out on approved FMLA leave on January 7, 2022, her termination date, she also states that GMF granted her leave on an

intermittent basis from February 18, 2021 through February 17, 2022. ECF No. 1 at 4. Nearly a year passed from her initial grant of intermittent leave in February 2021 to January 2022 when she was terminated. *Id*. As stated previously, the Fifth Circuit has found that a five-month gap is too long to establish a causal link absent other evidence. *Feist,* 730 F.3d at 454. Daniels offers no other facts to establish a causal link between her termination and her FMLA leave. Consequently, Daniels does not plead sufficient facts to support a claim for violation of the FMLA.

### C.    The statute of limitations bars Daniels' FMLA claim against GMF.

Even if Daniels had stated a claim under the FMLA, the statute of limitations bars her claim. The FMLA has a two-year statute of limitations, unless the alleged violation was willful, in which case, it is three years. *See* 29 U.S.C. § 2617(c)(1); *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 392-93 (5th Cir. 2005). To establish a willful FMLA violation, "a plaintiff must show that [her] employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Henson*, 128 F. App'x at 393. A negligent FMLA violation is not willful. *Mozingo v. Oil States Energy, Inc.*, 661 F. App'x 828, 830 (5th Cir. 2016).

The acts or omissions giving rise to Daniels' purported FMLA claim all allegedly occurred on January 7, 2022. ECF No. 1. Daniels filed this suit on June 17, 2024, two and a half years later. *Id*. Daniels does not allege any facts to show willful FMLA violations that would extend the limitations period to three years. She only asserts in conclusory fashion that "[GMF] with good faith willfully refused [her] request of her FMLA time and manipulated [her] time schedule without including the FFCRA." ECF No. 11 at 2. Thus, she pleaded no facts to show GMF's willful violation of the FMLA that would extend the limitations period to three years.

The Court also notes that Daniels' previous suit in this Court, her action in state district court, and appeal in state court did not extend the limitations period for filing this case. Daniels

titled her Original Complaint "The Original Petition of the Appeal," and refers to this action as an appeal repeatedly. ECF No. 1. However, filing a new case in federal court after an unsuccessful suit in state court does not act as an appeal and does not extend or toll the applicable statute of limitation. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *see also District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) (holding that no federal court, apart from the Supreme Court, may exercise jurisdiction to review a state court decision); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("Federal district courts, we noted, are empowered to exercise original, not appellate, jurisdiction.") Accordingly, the previous federal and state court litigation of this matter did not prevent the running of the statute of limitations.

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals such as the one recommended here ordinarily should be without prejudice. *See Great Plains Tr. Co.*, 313 F.3d at 329. However, dismissal with prejudice may sometimes be appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and thus fix its facial deficiencies. *Stem*, 813 F.3d at 215-16. Daniels' FMLA claim in this case still would be time-barred even if the Court granted her leave to file another amended complaint. In the absence of any facts to support a claim of willful violation of the FMLA, any attempt to amend the pleadings would prove futile, and dismissal with prejudice is appropriate under the circumstances. Thus, the undersigned recommends that Judge O'Connor dismiss Daniels' FMLA claims with prejudice.

### D.      Daniels does not state an FFCRA claim upon which relief can be granted.

Congress enacted the FFCRA in response to the onset of the COVID-19 pandemic. Pub. L. 116-127, 134 Stat. 178 (2020). The Emergency Paid Sick Leave Act ("EPSLA") is a component of the FFCRA. The EPSLA required "employers" to provide up to 80 hours of paid sick leave for

employees who were ill, quarantined, or seeking treatment as a result of COVID-19, or caring for those who were sick or quarantined as a result of COVID-19. 29 U.S.C. § 2620(a)(1)(B), FFCRA §§ 5102(a)–(b), 5108–09, 5110(2)(B). The FFCRA and EPSLA also made it "unlawful for any employer to discharge, discipline, or in any other manner discriminate against an employee who – (1) takes leave in accordance with the Act; and (2) has filed any complaint or instituted or causes to be instituted any proceeding under or related to this Act." *Id*. The FFCRA and EPSLA expired on December 31, 2020. Pub. L. 116-127, § 5109, 134 Stat. 178, 198 (2020); *Wilson v. Marshall Shredding, L.L.C.*, No. 22-50709, 2023 WL 3151078, at *2 (5th Cir. Apr. 28, 2023).

Daniels asserts that GMF violated her FFCRA rights because she was entitled to leave from December 27, 2021, to January 7, 2022. ECF No. 11 at 2. However, the FFCRA was not in effect at the time Daniels requested leave since it expired on December 31, 2020. ECF No. 18 at 8; *Wilson*, 2023 WL 3151078 at *2. Accordingly, Judge O'Connor should dismiss Daniels' FFCRA claims with prejudice since further amendment could not cure the fact that this law was not in effect at the when GMF allegedly violated it.

**E.    Daniels does not state a claim upon which relief can be granted for racial discrimination.**

In the Original Complaint, Daniels asserts that GMF "discriminated against [her] underneath the employer subchapter B. Unlawful Employment Practices" because Daniels "applied for a manager position and was racially discriminated by [GMF]." ECF No. 1 at 1. Daniels claims that "she was told by [GMF] to withdraw her application due to her race and skin color." *Id*.

Liberally construing Daniels' complaint, the Court interprets this claim as one for a violation of Title VII of the Civil Rights Act of 1964 and the Texas Commission of Human Rights Act ("TCHRA") contained within the Texas Labor Code. Under Title VII, an employer may not

discriminate against its employees or potential employees because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2 (2024). Likewise, under the TCHRA, an employer "commits an unlawful employment practice if, because of race, color, disability, religion, sex, national origin, or age, the employer discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Tex. Lab. Code § 21.051(1) (West 2024). The Texas Supreme Court has explained that "[o]ne of [the TCHRA's] purposes is to 'provide for the execution of the policies of Title VII … and its subsequent amendments.' Therefore, analogous federal statutes and the cases interpreting them guide our reading of the TCHRA." *Quantum Chemical Corp. v. Toennies,* 47 S.W.3d 473, 476 (Tex. 2001) (internal citations omitted).

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Administrative exhaustion "occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue," *id.* at 379, or when they "file [] a timely charge with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

A plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged incident of discrimination or risk dismissal of her claims. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979) (holding that because plaintiff did not file a complaint with the EEOC within 180 days, her suit was time barred under 42 U.S.C. s 2000e-5(e) and was properly dismissed for want of jurisdiction). However, if the discriminatory practice occurred in a state with a fair employment agency that grants relief, Title VII permits the complainant to file her charge with the state or local agency.

*Fort Bend Cnty.*, *Tex.* v. *Davis*, 587 U.S. 541, 543-544 (2019). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, whichever is earlier, to file a charge with the EEOC. *Id*.

Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). A plaintiff must exhaust her available remedies "before seeking judicial relief" *Id*. at 273. A plaintiff's *pro se* status does not alter the analysis or otherwise turn this requirement into a suggestion. *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983); *Taylor*, 296 F.3d at 378-79; *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997).

Daniels did not plead that she filed a charge of discrimination with the EEOC or the Texas Workforce Commission. Daniels attached many documents to her Original Complaint, but they all relate to her previous claims for FMLA and FFCRA violations in state courts. *See* ECF No. 1. Accordingly, it does not appear that Daniels exhausted her administrative remedies for her race discrimination claim before filing this case.

Further, Daniels gives no exact date for the incident of alleged race discrimination. However, it had to have occurred before her employment with GMF ended on January 7, 2022. Any date before then was over 300 days before Daniels filed this suit on June 17, 2024. At this late date, Daniels would not be able to bring a timely discrimination claim to the EEOC or proper state agency. As stated previously, dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem*, 813 F.3d at 215–16. Accordingly, Judge O'Connor should dismiss Daniels' discrimination claims with prejudice since further amendment could not cure the untimeliness of

her claims.

Even if Daniels had properly exhausted her administrative remedies, she has not pleaded sufficient facts to state a claim for race discrimination. Liability for race discrimination under Title VII requires a showing of "disparate treatment," meaning it "depends on whether the protected trait actually motivated the employer's decision." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212 (2015). "A plaintiff can prove disparate treatment either (1) by direct evidence that a workplace . . . decision relied expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas*." *Id.* at 330 (citation omitted). Under this framework, a plaintiff must establish a *prima facie* case of discrimination by showing that

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of [her] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Id.* (citation omitted). Nevertheless, it is not necessary

> for a plaintiff to "make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Indeed, the Supreme Court has cautioned that "the *prima facie* case should not be transposed into a rigid pleading standard for discrimination" cases. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). That being said, "[a]llegations related to that *prima facie* inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., LLC*, 668 F. App'x 133, 134 (5th Cir. 2016) (citation omitted).

*Davis v. Matagorda Cty.*, No. 3:18-cv-00188, 2019 WL 1015341, at *8 (S.D. Tex. Mar. 4, 2019).

When analyzing a Title VII claim under the *McDonnell Douglas* framework,

> [t]he employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

If the plaintiff successfully establishes a *prima facie* case of discrimination, "the burden then shifts to the employer to produce evidence that its actions were justified by a legitimate, nondiscriminatory reason." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002). Then, the plaintiff has the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant" were a mere pretext for discrimination. *Id.* (citation and internal quotation marks omitted). The plaintiff may alternatively prove that the employer's reasons were not the only reasons for its conduct, and the plaintiff's protected characteristic was another "motivating factor." *Id.* (citation omitted).

The only discussion of race in this case appears in the Original Complaint. ECF No. 1. In her Amended Complaint, Daniels did not mention or offer facts to explain or support her race discrimination claim. ECF No. 11. In her brief mention of this claim in the Original Complaint, Daniels does not offer facts to show that she is a member of a protected class, only that her race played a role in her termination. ECF No. 1 at 1. Daniels does not claim that she was qualified for the position at issue or that she was the subject of an adverse employment action because she did not receive the promotion. *Id.* Finally, she offers no facts to show that GMF treated her less favorably due to her race or treated another person not in her race differently from how it treated her. Daniels merely claims that she was told to withdraw her application for a promotion because of her race and did not receive the promotion because of her race. *Id.* She does not explain when this conversation occurred or with whom she had the conversation. Thus, Daniels' assertions that she did not receive a promotion because of her race are conclusory, speculative, and lack enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555. Judge O'Connor should dismiss any claims that Daniels asserts under the TCHRA or Title VII with prejudice.

## IV.    CONCLUSION

Because the Eleventh Amendment shields TWC, Daniels did not timely or sufficiently assert her claims under FMLA, the FFCRA was not in effect at the time of the alleged violation, and because Daniels failed to timely and sufficiently state a claim upon which the Court can grant relief for race discrimination, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motions to Dismiss filed by GMF and TWC (ECF No. 17, 23), **DISMISS** the claims against GMF **WITH PREJUDICE**, and **DISMISS** the claims against TWC **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on December 10, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

16